(107 App. Div. 429.)

BIER et al. v. BASH.

(Supreme Court, Appellate Division, First Department. September 29, 1905.)

MONEY RECEIVED—EVIDENCE—SUFFICIENCY.

A plaintiff, showing that he paid money to defendant on his promise to deliver a certain quality of flour; that defendant failed to deliver such flour, but delivered flour not in compliance with the contract; that plaintiff refused to accept it, tendered it back, and demanded the flour called for in the contract; and that defendant refused to repay the money or deliver the flour contracted for—is entitled to recover the money paid in an action for money had and received.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Money Received, § 27; vol. 43, Cent. Dig. Sales, § 1109.]

O'Brien, P. J., and Hatch, J., dissenting.

Appeal from Trial Term, New York County.

Action by Joseph Bier and another against Winfield S. Bash. From a judgment for plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Clarence L. Barber, for appellant.
J. B. Engel, for respondents.

INGRAHAM, J. The cause of action set forth in the complaint is based upon an allegation that on the 2d day of August 1904, the defendant had and received from the plaintiffs the sum of $1,607.14, moneys of the United States belonging to the plaintiffs, for which the defendant promised and agreed to deliver to the plaintiffs, on August 2, 1904, 500 140-pound sacks, or 357¼ barrels, of Venus flour; that the plaintiffs paid said money to the defendant on the express promise and agreement of the defendant that he would, after said payment had been made to him, and on the 2d of August, 1904, deliver to the

plaintiffs the flour above mentioned; that the plaintiffs have de-
manded that the defendant deliver to them the flour aforesaid, but
that the defendant has refused and continues to refuse to deliver
said flour to the plaintiffs; that the plaintiffs have demanded of the
defendant the return of said sum of $1,607.14, but the defendant
has refused and continues to refuse to pay said sum to the plaintiffs.
The answer is a general denial.

Upon the trial one of the plaintiffs testified that in March, 1904,
one Van Tassell, a salesman for the defendant, offered to sell the
plaintiffs flour "at $4.50 in jutes, but you will have to pay the money
in advance before you get your flour." In response to which the
defendant gave to Van Tassell an order for 500 sacks of Venus flour;
that subsequently Van Tassell came and told the plaintiffs that the
flour was on the railroad, when the defendant gave the plaintiffs a
check for the amount; that the plaintiffs then received a receipt
for this money, which was in form a bill for 500 sacks of Venus
flour at $4.50 per barrel. Upon this was marked the number of two
cars, with a statement: "Frt. & all charges prepaid to August 1,
1904. Bills of lading surrendered"—and is marked "Paid August 1st,"
signed by W. S. Bash. One of the plaintiffs testified that he received
a notice from the railroad of the receipt of 500 sacks of flour, and
gave the order to his truckman; that his truckman went over to
the depot and brought back 500 sacks of flour, and after the flour
had arrived, upon examination he found that, instead of it being
"Venus flour" it was "XX flour," which was an inferior quality. The
defendant objected to evidence as to the quality of the flour delivered,
upon the ground that the action was brought for money had and re-
ceived, and that this evidence was not within the issues, which objection
was overruled, and the defendant excepted. Over similar objections
and exceptions, the plaintiff was allowed to prove that after this flour
was received he went to the office of the defendant, and saw the defend-
ant, who said that there must be a mistake, and, after requesting the
plaintiff to bring him a sample of the flour received, which he did, the
defendant said:

"I don't know what it is. You have got the flour and I have got the money,
and I can't do nothing for you."

To which the plaintiff replied:

"Now, you take your flour and I demand my money."

Whereupon the defendant said:

"Don't you send me no flour. If you send it to me, you will get it back
again."

To which the plaintiff said:

"I will hold this flour subject to your order, Mr. Bash."

After this evidence was taken the defendant moved to strike it
out upon the ground that there was no allegation in the complaint
that they returned or offered to return any flour, and that the de-
fendant had not come to him to meet any such issue, and that it
was incompetent, immaterial, and irrelevant, and not addressed

to any issue made by the pleadings in the action, which motion was denied, and the defendant excepted. At the end of the plaintiff's case the defendant moved to dismiss the complaint, upon the ground that the plaintiff had not proved the case as alleged in the complaint. This motion was denied, and the defendant excepted; and this presents the only question in this case.

The action is in form for money had and received, based upon an allegation that the plaintiffs paid the money sought to be recovered upon a promise of the defendant to deliver 500 sacks of a certain quality of flour, and that the defendant has failed to deliver the flour which he agreed to deliver, and that the plaintiff demanded of the defendant either the flour or the money, which demand was refused. These facts were proved. It also appeared that certain other flour was delivered as a compliance with the contract, which, when delivered, the plaintiff refused to accept as a compliance with the contract, tendered it back, and demanded the flour that he had purchased. While undoubtedly the plaintiffs would have a cause of action for a breach of contract and to recover the damages sustained thereby, I think they have a cause of action to recover back the money they paid the defendant upon a sale of the flour, with a statement by the defendant that the flour had been shipped to him, when in fact the flour they had purchased had not been shipped, and the plaintiffs had not accepted the flour actually shipped as a compliance with the contract. The plaintiffs were entitled to receive the flour they had purchased, and in default of that they were entitled to recover the money they had paid, based upon the representations of the defendant that the flour they had purchased had been shipped. There is no question but that the plaintiffs, as soon as they ascertained that the flour that had been shipped was not the flour that the defendant had sold, refused to accept it, and tendered it back; and, upon those facts being established, the plaintiffs were entitled to recover back the money they had paid. The fact that defendant had delivered flour that did not comply with his contract, the acceptance of which was refused, was not at all material. It was not a compliance with the contract. The title to it never passed to the plaintiffs, and consequently could have no effect upon the plaintiffs' right to recover back the money. I think the cause of action as alleged was proved, and upon the facts found by the jury the plaintiffs were entitled to recover.

It follows that the judgment appealed from must be affirmed, with costs.

PATTERSON and McLAUGHLIN, JJ., concur. O'BRIEN, P. J., and HATCH, J., dissent.